IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, # A-56081, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-708-JPG |
| ) | |
| TIMOTHY CAPPS, JEFFREY FARRIS, ) | |
| PAUL JONES, PATRICK S. DUFFY, ) | |
| MICHAEL G. ALTHOFF, ) | |
| WILLIAM DONALDSON, ) | |
| MARY HANESSION, SHIRLEY SHAW, ) | |
| GREGORY M. BASSI, ) | |
| REBECCA CREASON, ) | |
| KIMBERLY BUTLER, J. DIERCKS, ) | |
| JOHN L. FLOOD, S. SMITH, ) | |
| R. HARRIS, and TIMOTHY BROWN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1]  *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B).  Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account.  *See* 28 U.S.C. § 1915(b)(2).  This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid.  *See id*.  Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter.  Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(b)(1).  Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Williams v. Mitchell, et al*, Case No. 93-cv-741-WLB (S.D. Ill., dismissed Oct. 6, 1994 as frivolous); *Williams v. Peters, et al*, Case No. 94-cv-365-JPG (S.D. Ill., dismissed March 8, 1995 as frivolous); *Williams v. Inman, et al*, Case No. 94-cv-669-WDS (S.D. Ill., dismissed Feb. 27, 1995 as frivolous); and *Williams v. Reese, et al*, Case No. 96-cv-734-WLB (S.D. Ill., dismissed March 18, 1997 as frivolous).[2] Because Plaintiff has four "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.[3]

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts

---

[2] In the first three of these actions, Plaintiff filed under his full name of Willie Mitchell Williams; the 1996 case listed him as Willie M. Williams. Each case reflects Plaintiff's IDOC prisoner number of A-56081.

[3] The Court notes that Plaintiff was allowed to proceed IFP in two recent cases filed in this District, *Williams v. Damona-Cuff, et al.*, Case No. 12-cv-1208-SMY-PMF, and *Williams v. Farris, et al.*, Case No. 13-cv-315-MJR. Those actions named a number of the same Defendants whom Plaintiff sues in the case at bar. Plaintiff did not disclose his strikes in those pleadings, and the Court inadvertently overlooked the 1993-1997 litigation history when screening the 2012-2013 cases.

"deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's 44-page complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. The lengthy and repetitive complaint includes claims against the public defenders who represented Plaintiff in his criminal case and on appeal; the prosecutor; the clerks of the Alexander County Circuit Court and the Appellate Court, Fifth District; the Alexander County Sheriff; several psychologists who examined Plaintiff during his pretrial detention; the Menard Warden; and several other Menard prison officials.

Many of Plaintiff's allegations relate only to his pretrial detention in the Alexander County Jail while he was facing criminal charges (he was eventually convicted of home invasion, for which he is now serving a 29-year sentence) (Doc. 1, pp. 8-20). He claims that he was involuntarily given psychiatric medications which were ordered based on a false psychological report from Wisconsin. He was denied copies of his legal documents relating to his trial and his attempts to appeal his conviction, and was not allowed to appear in court on his case. He was sprayed with mace. None of these claims show that Plaintiff currently faces any imminent danger of serious physical injury.

In reference to his confinement at Menard, Plaintiff claims that he was made to submit to a DNA swab on November 14, 2014, in violation of applicable regulations (Doc. 1, p. 22).

When he protested, he was written up for a disciplinary violation and placed in segregation for 60 days. His property was confiscated and six of his religious books came up missing. (Doc. 1, pp. 32-33). On April 17, 2015, Defendants Smith and Harris wrongly accused Plaintiff of flooding his cell. They took all his property, including his dentures, eyeglasses, prescription medications for glaucoma, mattress, and clothes, and turned off his water. He was without these items for five days, and as a result, he was unable to freely practice his Muslim religion according to the requirements for cleaning and covering himself before prayer (Doc. 1, pp. 38-41). He does not claim that these conditions continued beyond the five days.

Plaintiff claims that he is still being fed drugs in his food against his will, and that the medication causes "major headaches" (Doc. 1, p. 22). He has begun taking only one meal a day because he is scared to eat, and is losing weight (Doc. 1, p. 26). These are the only statements that remotely suggest that Plaintiff might currently be experiencing any physical distress – but they do not rise to the level of "imminent danger" of "serious physical injury" that is required to surmount the hurdle of § 1915(g). This Court has previously observed that a prisoner cannot "create the 'imminent danger' required by § 1915(g) by commencing a hunger strike." *Taylor v. Walker*, Case No. 07-cv-706-MJR, 2007 WL 4365718 (S.D. Ill. Dec. 11, 2007) (citing *Ball v. Allen*, Case No. 06-cv-0496, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, Case No. 06-cv-527, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, Case No. 03-mc-98, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003)). Plaintiff's choice to forego all but one meal a day is his own decision, and will not entitle him to proceed IFP under the exception contained in § 1915(g).

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot

proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this action (Doc. 2) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **August 13, 2015**). If Plaintiff fails to comply with this Order to pay the fee in the time allotted by the Court, this case will be dismissed without prejudice. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

In addition, if Plaintiff elects to proceed with this action by paying the full filing fee, he shall be required to submit an amended complaint. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) states: "Each allegation must be simple, concise, and direct."

> The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied*, 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

Plaintiff's 44-page handwritten complaint, accompanied by 239 pages of exhibits, is repetitive, rambling, nearly illegible in places, and is confusing as to what claims are being asserted. In addition, some of the allegations appear to repeat claims that Plaintiff included in

*Williams v. Damona-Cuff, et al.*, Case No. 12-cv-1208-SMY-PMF.  It is difficult for the Court to discern the nature of Plaintiff's claims in this action.  The unwieldy length of the pleading, as well as its other flaws, will present great difficulty for any defendants to respond.  The complaint flagrantly violates Rule 8.

Therefore, it is **FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice.  Providing that Plaintiff pays the required filing fee as ordered above, he shall have an *additional* twenty-one (21) days in which to submit an amended complaint (on or before **September 3, 2015**).

**Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3).  The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is

whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In Plaintiff's motion, he states that he has written to several legal organizations in an effort to secure counsel.  However, the attached response letters indicate that several of his inquiries related to matters other than representation in this civil rights action:  he asked the Uptown People's Law Center for help to challenge his conviction; he wrote the John Howard Association regarding the DNA swab; he contacted Equip for Equality about filing his criminal appeal; and he contacted two legal services programs (Land of Lincoln and Prairie State Legal Services), which informed him they are prohibited from rendering legal assistance to prisoners. He states that he also wrote the Judicial Inquiry Board and the Northwestern University School of Law Center for Wrongful Convictions, neither of which would appear to offer representation in a civil rights matter.  There is no indication that Plaintiff contacted any private law firms which might consider pro bono representation.  On this record, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff says nothing about his educational background. Nonetheless, the complaint and attached documents reflect that Plaintiff is capable of stating the facts relating to his legal claims.  At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak, and all that is required is for Plaintiff to briefly and legibly present the facts to support his legal claims.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper.

Furthermore, before Plaintiff can proceed with the action, he must pay the filing fee as noted above. If he cannot do so, the issue of appointment of counsel will become moot.

For these reasons, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his motion for recruitment of counsel if he pays the fee in full, and if he first makes reasonable efforts to find counsel on his own without success.

**Amendment of Complaint**

If Plaintiff pays the fee in order to proceed with this action, it is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions in order to prepare his amended complaint. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-708-JPG. The amended complaint shall present each claim in a separate count. Any given count may include more than one Defendant. In each count, Plaintiff shall specify, *by name*,[4] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. While the Court will not impose a specific page limitation at this time, 44 pages is excessive. Plaintiff should focus on the *facts*, rather than making legal arguments or posing questions to the Court, and should strive to limit his statement of claim to ten pages or less. He should take care to write legibly or use a typewriter.

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint, however, he shall refrain from filing voluminous exhibits at this early stage of the litigation.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: July 23, 2015**

*s/J. Phil Gilbert*
United States District Judge