IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, # A-56081,  )<br>  )<br>  Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>TIMOTHY CAPPS, JEFFREY FARRIS,  )<br>PAUL JONES, PATRICK S. DUFFY,  )<br>MICHAEL G. ALTHOFF,  )<br>WILLIAM DONALDSON,  )<br>MARY HANESSION, SHIRLEY SHAW,  )<br>GREGORY M. BASSI,  )<br>REBECCA CREASON,  )<br>KIMBERLY BUTLER, J. DIERCKS,  )<br>JOHN L. FLOOD, S. SMITH,  )<br>R. HARRIS, and TIMOTHY BROWN,  )<br>  )<br>  Defendants.  ) | Case No. 15-cv-708-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      This matter is before the Court for case management, and to address two motions filed by Plaintiff. On July 23, 2015, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") in this case, and ordered him to pay the $400.00 filing fee no later than August 13, 2015 (Doc. 5). Plaintiff has "struck out" under 28 U.S.C. § 1915(g). Plaintiff was clearly warned that failure to pay the filing fee would result in dismissal of this case.

      The date to pay the filing fee has passed, and Plaintiff has failed to pay. Not only has he failed to comply with this Court's order, he filed a "Motion of Corrections" on August 3, 2015, in which he complains about the "threatening" and "intimidating" tone of the Court's order (Doc. 6, p. 1). He also states that he has never in his life used his full name, Willie Mitchell Williams (or Willie M. Williams), as reflected in the Court's records for the four earlier cases that counted

as "strikes" for Plaintiff.[1] While this comment appears to be Plaintiff's attempt to argue that those four cases were not filed by him, the fact remains that Plaintiff's IDOC Inmate Number (A-56081) appears in the record of each of those cases, along with Plaintiff's first and last name. All four "strikes" are correctly attributed to Plaintiff.

Plaintiff also claims that he does not have $400.00 to pay the filing fee for this case. This may have been true at the time Plaintiff submitted his motion on July 26, 2015. However, in a case Plaintiff filed in this Court in 2012, where he was granted leave to proceed IFP because the Court did not discover his "struck out" status at the time, documents filed in the record reveal that Plaintiff reached a settlement with the defendants on or about June 29, 2015. *See Williams v. Damona-Cuff, et al.*, Case No. 12-cv-1208-SMY-PMF (S.D. Ill., Doc. 126). He received a settlement payment of well over $400.00 sometime between July 16, 2015, and August 12, 2015. *See Williams v. Damona-Cuff, et al.*, Case No. 12-cv-1208-SMY-PMF (Docs. 128, 128-3, and 131).

The "Motion of Corrections" concludes with Plaintiff's request that the Court either return his legal material to him, or that he be allowed to proceed with the case (presumably without pre-paying the filing fee) (Doc. 6, p. 4). Plaintiff filed another motion on August 27, 2015 (Doc. 7), again requesting that his legal documents be returned to him, stating that he cannot send $400.00 to pay the fee, and this time asking the Court to close this case. At the time he submitted that motion, Plaintiff had received his settlement funds.

Both motions (Docs. 6 and 7) are **DENIED**. The Court did not err in denying Plaintiff's motion for leave to proceed IFP. Moreover, it now appears that Plaintiff has the ability to pay

---

[1] *Williams v. Mitchell, et al*, Case No. 93-cv-741-WLB (S.D. Ill., dismissed Oct. 6, 1994 as frivolous); *Williams v. Peters, et al*, Case No. 94-cv-365-JPG (S.D. Ill., dismissed March 8, 1995 as frivolous); *Williams v. Inman, et al*, Case No. 94-cv-669-WDS (S.D. Ill., dismissed Feb. 27, 1995 as frivolous); and *Williams v. Reese, et al*, Case No. 96-cv-734-WLB (S.D. Ill., dismissed March 18, 1997 as frivolous).

the fee, in light of his recent receipt of settlement proceeds. In any event, Plaintiff incurred the obligation to pay the fee for this action when he filed the case, and he still owes the $400.00 filing fee. He cannot avoid this obligation by seeking to withdraw his claim. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Additionally, there are at this time no physical documents for the Clerk to "return" to Plaintiff. Pleadings and other documents which are mailed to the Court via the United States Postal Service are scanned and electronically filed in the Court's docket. After this electronic filing, the paper documents are destroyed.[2] Plaintiff may, however, obtain a copy of any document contained in the Court's electronic docket, by requesting copies from the Clerk of Court and submitting his pre-payment for the copying fee of $0.50/page. *See* 28 U.S.C. § 1914(b). Plaintiff's complaint consists of 44 pages, and he submitted voluminous exhibits totaling 242 pages more. If Plaintiff wants to obtain copies of all 286 pages, the cost will be $143.00.

Because Plaintiff has failed to pay the $400.00 filing fee as ordered, this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

As noted above, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Menard Correctional Center, where Plaintiff is confined, participates in the Court's electronic filing program. Had Plaintiff submitted his documents via the digital sender in the prison's law library, his original documents (or a copy) would have been returned to him after they were scanned at the prison. *See* General Order 2014-1, In Re: Procedural Rules for Electronic Filing Program (S.D. Ill. Jan. 16, 2014).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    **IT IS SO ORDERED.**

    **DATED:  October 23, 2015**

<u>*s/J. Phil Gilbert*</u>
United States District Judge

Case 3:15-cv-00708-JPG   Document 8   Filed 10/26/15   Page 5 of 5   Page ID #372